UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

AAPEX ENVIRONMENTAL
  SERVICES, INC.

            Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal No.:  08  171  -CR-   (FJS)

Violation: 18 U.S.C. § 371,
Conspiracy to Violate the Clean
Air Act and Clean Water Act.
Violation: 18 U.S.C. § 1341,
Mail Fraud.

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **AAPEX ENVIRONMENTAL SERVICES, INC.** ("AAPEX"), a corporation organized and existing under the laws of the State of New York, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1. **RIGHTS OF AAPEX**. AAPEX understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

    (d) to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e) to confront and cross-examine witnesses against it and to subpoena

1

witnesses in its defense at trial;

 (f) to appeal its conviction if it is found guilty at trial; and

 (g) to appeal the imposition of sentence against it.

2. **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** AAPEX waives the rights set out in Paragraph 1(b)-(f) above. AAPEX also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement. Pursuant to Fed. R. Crim. P. 7(b), AAPEX will waive indictment and plead guilty at arraignment to a two count Information to be filed in the United States District Court for the Northern District of New York. The Information will charge AAPEX with participating in a conspiracy to violate the Clean Air Act and Clean Water Act related to asbestos activities from 1996 through the present in violation of 18 U.S.C. § 371 (count 1); and with mail fraud related to a scheme to fraudulently obtain low insurance rates based upon false information, in violation of 18 U.S.C. § 1341.

3. Pursuant to the terms of this Plea Agreement, AAPEX will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below. As is set forth more fully in Paragraph 9(d) below, AAPEX shall surrender all licenses related to asbestos work, and shall permanently cease all activities related to asbestos abatement. Neither AAPEX nor any successor corporation shall ever again apply for any license related to asbestos activities from any state or the United States.

4. **ELEMENTS OF THE OFFENSE.** AAPEX, through its authorized representative, acknowledges that it is aware of the elements of the offenses to which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of a

conspiracy to violate the Clean Air Act and Clean Water Act; and to commit mail fraud. The legal elements of the conspiracy offense, 18 U.S.C. § 371, are as follows:

    a.    1) The existence of an agreement, 2) between two or more persons, 3) to do something the law forbids, in this case, to violate the Clean Air Act and Clean Water Act, 4) and the commission of an overt act in furtherance of the conspiracy.

The legal elements of the mail fraud offense, 18 U.S.C. § 1341, are as follows:

    a.    1) The existence of a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, 2) the defendant knowingly and willfully participated in the scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; 3) in the execution of that scheme, the defendant used or caused the use of the mails.

5.    **FACTUAL BASIS FOR OFFENSE CHARGED**. AAPEX admits the following facts which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a)    AAPEX is in the business of, among other things, the removal and disposal of regulated asbestos containing material (hereafter "asbestos") in commercial and public buildings and private homes. At all times relevant to this plea agreement and the Information related thereto, AAPEX acted through its owners, supervisors, employees and agents.

(b) Throughout the course of the approximately ten year long conspiracy, from approximately 1997-2006, an AAPEX owner and supervisory employees engaged in numerous renovation and demolition projects during which time they abated, and caused the abatement by subordinates, of asbestos, without adhering to the laws governing the safe and proper stripping, removal, bagging, containment, transportation and disposal of such material.

(c)    Throughout the course of the conspiracy and on multiple projects, an owner

and high level AAPEX supervisory employees knowingly did not file, or cause to be filed, notifications to conduct asbestos renovation or demolition projects with the United States Environmental Protection Agency (EPA) and New York State Department of Labor, Asbestos Control Bureau, where such notifications were required by law, and/or knowingly and intentionally substantially understated the scope of such asbestos projects in notifications that were filed. Knowing that they were working with regulated asbestos-containing material, an AAPEX owner and supervisory employees and workers caused asbestos to be stripped dry, bagged dry, performed stripping and removal of asbestos with no and/or improper containment and without wearing or causing others to wear respirators and other protective gear, left significant quantities of dry asbestos behind scattered on various floors and other areas for up to years, illegally abandoned asbestos within buildings, disposed of asbestos in dumpsters intended for residential trash, at times caused no asbestos waste manifests to be prepared, caused asbestos to be improperly containerized and transported, and caused asbestos to be illegally deposited into waters of the United States without Clean Water Act permits.

(d)     As part of the conspiracy, AAPEX sought and received false and fraudulent laboratory results from one or more conspiring air monitoring companies/laboratories in order to pass required air clearance standards. The air monitoring was falsified to help conceal illegal asbestos abatement, to fraudulently convince clients that the work area was safe to reoccupy and to gain payment despite the work having been knowingly performed in violation of law.

(e)     From 1998 though 2006 AAPEX committed mail fraud by intentionally defrauding its insurance carrier out of money to which it was entitled. AAPEX intentionally did not disclose its asbestos activities and the number of workers performing asbestos abatement, to obtain lower insurance rates and pay less for such activities, thus defrauding its insurance carrier. APPEX sent and/or received mail matter in furtherance of the scheme

4

to defraud.

6. **POSSIBLE MAXIMUM SENTENCE**. AAPEX understands that the maximum penalty which may be imposed against it upon conviction for a conspiracy to violate the Clean Air Act, Clean Water Act (count one), and for mail fraud (count two), are, for each count, fines of:

   (a) $ 500,000 (18 U.S.C. § 3571(c)); or

   (b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

   (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7. In addition, AAPEX understands that:

   (a) pursuant to 18 U.S.C. § 3663A, the Court shall order it to pay restitution to the insurance carrier and other victims of the offenses;

   (b) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order AAPEX to pay a special assessment of $800 upon conviction for the charged crimes; and

   (c) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

8. **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the advisory United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable

for purposes of determining a corporate fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9. **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and AAPEX agree that the appropriate disposition is a fine of $166,700 but that from this total, $75,000 shall be suspended on the condition that it be paid at or within one week following the date of imposition of sentence to the Team Transportation Trust as restitution related to count two of the Information. Furthermore, from the $166,700 fine an additional $28,500 shall be suspended on the condition that it be paid in equal, quarterly installments over a twelve month period to the Occupational Safety and Health Administration (OSHA), as a civil administrative fine. The first quarterly installment shall be due at or within one week following imposition of sentence in this matter. The United States and APPEX agree that the remaining $63,200 shall be paid to the United States in equal, quarterly installments over a one year period, with the first such installment being due at or within one week following the date of imposition of sentence.

(a) AAPEX will be placed on a term of probation for two years.

(b) AAPEX understands that the Court will order it to pay a $800 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c) Immediately upon pleading guilty or the conclusion of work to be performed at the former Agway Building, 333 Butternut Drive, DeWitt, NY, whichever is latter, AAPEX shall permanently surrender all licenses related in any way to asbestos, including asbestos removal. Immediately upon entry of the guilty plea, AAPEX shall permanently cease all asbestos renovation or demolition projects except for the project at 333 Butternut Drive, DeWitt, NY. Neither AAPEX, nor any successor corporation shall ever again apply for such any such asbestos-related licenses from any state or the federal government, nor

engage in asbestos-related work.

(d)  <u>Sentencing</u>. The parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR, will not void this Plea Agreement.

(e)  AAPEX shall not seek nor take a tax deduction for any of the $166,700 fine and restitution paid under this plea agreement.

10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind AAPEX and its successors and assigns. AAPEX, or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice of any name change, corporate reorganization, sale or purchase of substantial assets, or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter AAPEX's responsibilities under this Agreement. AAPEX shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11.  Subject to the ongoing, full, and truthful cooperation of AAPEX described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court of the fact, manner, and extent of AAPEX cooperation and its commitment to prospective cooperation with the United States' investigations and prosecutions, material facts relating to AAPEX' involvement in the charged offense, and other relevant conduct.

12. The United States and AAPEX understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence (except for the expedited imposition of sentence), the United States and AAPEX agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b) If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence), AAPEX will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If AAPEX withdraws its plea of guilty, this Plea Agreement and the guilty plea shall not be admissible against AAPEX in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). AAPEX agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date AAPEX withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13. **AAPEX COOPERATION**. AAPEX will cooperate fully and truthfully with the United States in the prosecution of this case and in any investigation, litigation, criminal prosecution or other proceedings (hereafter Federal Proceeding) arising from or related to the subject matter about which AAPEX is pleading guilty. AAPEX will make all reasonable efforts to ensure that its current and former officers, employees, consultants, vendors and experts cooperate with the United States and truthfully disclose all information about their activities and those of others relating to any criminal environmental matter about which assistance is requested. The ongoing, full, and truthful cooperation of AAPEX shall include, but not be limited to:

(a) producing to the United States all documents, information, and other materials,

8

wherever located, in the possession, custody, or control of AAPEX, requested by the United States in connection with any Federal Proceeding;

(b) securing the ongoing, full, and truthful cooperation of any of its officers, employees, consultants, and experts, including making such persons available in the United States for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. AAPEX will advise those persons identified in this paragraph that they are encouraged to cooperate; cooperation includes providing information to the Government, being interviewed by Government agents or attorneys, and testifying in official proceedings. AAPEX will grant liberal leave if necessary at its expense to facilitate cooperation with the Government;

(c) During the period of probation, AAPEX shall provide to government agents full access to its facility and employees, including access to business records related to asbestos activities.

(d) No AAPEX employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits because of their truthful cooperation with the United States with respect to the alleged criminal violations under investigation.

14. **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against AAPEX for any act or offense committed before the date of this Plea Agreement, known to the United States, that was undertaken in furtherance of the Clean Air Act and Clean Water Act conspiracy and substantive mail fraud charge as described in the Information and plea agreement. The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

15. AAPEX understands that it may be subject to civil or administrative action by

federal or state agencies, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of AAPEX as a matter for that agency to consider before determining what administrative action, if any, to take.

16. **REPRESENTATION BY COUNSEL**. AAPEX has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. AAPEX has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

17. **VOLUNTARY PLEA**. AAPEX's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to AAPEX as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

18. **VIOLATION OF PLEA AGREEMENT**. AAPEX, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by AAPEX solely because of the promises made by AAPEX in this Agreement. If AAPEX breaches this Agreement, or if AAPEX withdraws its guilty plea pursuant to paragraph 12 of this Agreement, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence. If the actions of AAPEX or any of its agents and/or

employees breaches this Agreement, AAPEX will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States elects to pursue any charge that was not filed as a result of this Agreement, AAPEX expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 19 below.

19. AAPEX understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of AAPEX's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, AAPEX unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

20. **<u>CORPORATE AUTHORIZATION.</u>** AAPEX states that it is authorized to enter into this Agreement. At the time of signing by AAPEX' representatives, AAPEX shall provide the United States with a written statement in the form of a corporate resolution certifying that AAPEX is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that AAPEX's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. AAPEX agrees that the pleas of guilty will be entered by AAPEX through its attorney, and that he is authorized to enter pleas of guilty on AAPEX's behalf. By entering these guilty pleas, AAPEX hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense

as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of AAPEX's criminal conduct and that it provides a sufficient basis for AAPEX's pleas of guilty to the offenses charged in the Information.

21. **WAIVER OF APPEAL.** AAPEX, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statues give AAPEX the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, AAPEX knowingly and voluntarily agrees to waive the following rights:

   a. The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including restitution;

   b. The right to appeal any aspect of AAPEX's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

   c. The right to bring any collateral attack against AAPEX's conviction or sentence, except as it may relate to the effectiveness of legal representation.

22. **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and AAPEX concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and AAPEX.

AAPEX ENVIRONMENTAL SERVICES, Inc.

By: _____
    Timothy A. Moore, Esq.

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: _____
    Craig A. Benedict

Attorney for AAPEX
Bar Role No. 505726

Assistant U.S. Attorney
Bar Role No. 101130